MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 Stoneride Mall Road, Suite 250
Pleasanton, CA 94588
PH: (925) 621-1937

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

VERONICA MARTINEZ

    Debtor,

_____/

CHAPTER 13

CASE NO. 12-43320 WJL 13

**TRUSTEE'S OBJECTION TO CONFIRMATION AND REQUEST FOR DISMISSAL**

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) objects to confirmation of Debtor's Chapter 13 Plan pursuant to 11 U.S.C. § 1325(a)(3)[1] (lack of good faith), and requests dismissal of this case.

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

---

[1] All code references are to Title 11 of the United States Code unless otherwise stated.

1

**FACTS**

Veronica Martinez ("Debtors") filed this Chapter 13 Bankruptcy on April 16, 2012. Debtors are represented by Nathan D. Borris, Esq.

Debtor's Chapter 13 Plan ("Plan") proposes payments of $152.06 per month 36 months with a *pro tanto* dividend on general unsecured claims. (Doc. #2). The Plan does not provide for payment of any secured or priority unsecured claims. Pro tanto distribution will result in payment of $1,600.00 in attorney's fees and approximately $3,578.35 to general unsecured creditors, which is equivalent to a 2.7% distribution.

**APPLICABLE LAW & ANALYSIS**

**PLAN FAILS THE GOOD FAITH REQUIREMENT OF 11 U.S.C. §1325(a)(3)**

A Chapter 13 Plan must conform to the requirements of 11 U.S.C. §1325 to be confirmed by the court. Section 1325(a)(3) states that a plan must be "proposed in good faith and not by any means forbidden by law" and subsection (a)(7) states that "the action of the debtor in filing the petition was in good faith."

The debtor must prove each element of confirmation by a preponderance of the evidence. *In re Lavilla*, Case No. 09-18840-B-13 (Bankr. E.D.Cal. 2010) at 5, (*citing U.S. v. Arnold and Baker Farms* (*In re Arnold and Baker Farms*), 177 B.R. 648, 654 (9th Cir. BAP 1994)(judg't aff'd 85 F.3d 1415 (9th Cir. 1996), cert denied 519 U.S. 1054 (1997). As demonstrated below, the Debtors have failed to show the element of "good faith" in filing their Chapter 13 plan.

The term "good faith" is not defined in the Bankruptcy Code but its meaning may be ascertained in contrast to "bad faith" through case law. In a similar context, the Ninth Circuit uses a "totality of the circumstances" test in determining bad faith as cause for the

dismissal of a Chapter 13 case. *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). The bankruptcy court should consider the following factors:

(1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," *In re Goeb,* 675 F.2d 1386, 1391 (9th Cir. 1982);
(2) "the debtor's history of filings and dismissals," *In re Nash,* 675 F.2d 1410, 1415 (9th Cir. 1985);
(3) whether the "debtor only intended to defeat state court litigation," *In re Chinichian,* 784 F.2d 1440, 1445-46 (9th Cir. 1986); and
(4) whether egregious behavior is present. *In re Bradley,* 38 B.R. 425, 432 (Bankr.C.D.Cal 1984).

*Leavitt (following Eisen),* at 1224.

Unlike a Chapter 7 liquidation, Chapter 13 is intended for Debtors wishing to reorganize their financial affairs and pay back the most they can reasonably afford to their creditors. Debtors must propose a Chapter 13 Plan and are bound by a commitment period. In *Warren v. Fidelity & Casualty Company of New York* (*In re Warren*), 89 B.R. 87 (9th Cir BAP 1988), the court listed the following factors to consider in determining good faith under §1325(a)(3):

1) Plan payment versus excess income

2) Ability to earn, likelihood of future increases in income

3) Duration of plan

4) Intent to mislead/Accuracy bankruptcy documents (plan, schedules, statement of financial affairs, etc.)

5) Preferential treatment between classes of creditors

6) Extent to which secured claims are modified

7) Type of debt sought to be discharged, and whether the debt is nondischargeable in a Chapter 7

8) Special circumstances (e.g., inordinate medical expenses)

9) Whether there are multiple filings

3

10) Debtor's subjective motivation in seeking Chapter 13 relief

11) Burden of plan administration on Trustee

*Warren* at 93 citing *In re Brock,* 47 B.R. 167 (Bankr. S.D.Cal. 1985)(quoting *Estus*, 695 F.2d at 317).

In the absence of an objection, Bankruptcy Rule 3015(f) permits a court to make the finding of good faith without a showing of evidence by the Debtor. Fed.R.Bankr.Proc. 3015(f). If, however, an objection to good faith is raised, the burden shifts to the debtor to produce evidence that the plan was filed in good faith and not by any means forbidden by law. See *In re Lavilla*, 425 B.R. 572 (March 23, 2010). In this case, the Debtor has failed to produce any evidence that this plan was filed in good faith.

This Plan fails to conform with §1325(a)(3) based on the fact there is no meaningful distribution to any creditors in this Plan. Extending the duration of this Plan will result in a more meaningful distribution to creditors.

Section 1325(a)(3) is a distinct element and should be considered independent of the disposable monthly income requirement of §1325(b)(1)(B). Thus, the fact that the Debtors have no projected disposable income (at least, on the face of the Means Test) should not be dispositive. The District Court for the Northern District of California upheld the denial of confirmation based on the Trustee's objection to good faith when a below-median debtor proposed payments of $550 for 8 months and to strip a junior lien. *Heal v. Burchard (In re Heal)*, No. C 10-00397 (September 28, 2010)(Seeborg). In affirming, the District Court limited *Maney v. Kagenveama (In re Kagenveama)*, 541

F.3rd 868 (9th Cir. 2008)[2] to the issues of "projected disposable income" and "applicable commitment period"; *Kagenveama* was not interpreted to supplant the "totality of the circumstances" test in determining "good faith" under §1325(a)(3). *Heal* at 4-6 (slip opinion).

Taking into consideration the totality of circumstances in this case, the Plan lacks good faith. Debtors are not providing for payments to any secured or unsecured priority creditors. The sole purpose of this filing is to strip a lien which would be otherwise not permitted in a Chapter 7. However, extension of the duration of the Plan could result in a demonstration of good faith since it would result in a more meaningful distribution to creditors.

**CONCLUSION**

WHEREFORE, the Trustee respectfully objects to confirmation of Debtor's Chapter 13 Plan pursuant to 11 U.S.C. § 1325(a)(3), and requests dismissal of this case.

RESPECTFULLY SUBMITTED

May 16, 2012 /s/Martha G. Bronitsky 5909
DATE Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee

---

[2] The part of *Kagenveama* dealing with "projected disposable income" has since been overruled by *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010)(bankruptcy court can take into account changes that are known or virtually certain to occur in determining projected disposable income, i.e., not bound by mechanical application of Form B22C). *Kagenveama* is still binding with respect to "applicable commitment period", i.e., a debtor with negative projected disposable income is not bound by commitment periods contained in §1325(b)(4).

5